IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Washington Government Environmental Services Company LLC, Engineered Products Division, | ) ) ) ) | Civil Action No. 3:14-cv-2125-MGL |
| Plaintiff, | ) ) | JOINT STATUS REPORT |
| vs. | ) ) | |
| Shaw AREVA MOX Services, LLC, | ) ) | |
| Defendant. | ) ) | |

On October 1, 2015, WGES filed a motion for sanctions against MOX Services. (Dkt. No. 99.) MOX Services opposed that motion. (Dkt. No. 101.) WGES filed a reply memorandum responding to MOX Services' opposition (Dkt. No. 103).

On December 8, 2015, the Court entered a Consent Third Amended Scheduling Order (Dkt. No. 124), which the parties submitted at the Court's request. The Court then inquired from the parties if they believed that pending discovery motions, including WGES's motion for sanctions, had been rendered moot. The parties disagreed whether WGES's motion for sanctions was mooted: MOX Services believed that the motion for sanctions was moot. WGES believed that the motion for sanctions was not moot.

The parties reported their disagreement to the Court via email dated January 11, 2016. That same day, the Court issued a Docket Text Order instructing the parties to re-confer about this issue and to submit a Joint Status Report letting the Court know whether they have been able to privately resolve WGES's motion for sanctions. (Dkt. No. 134.)

Following that Docket Text Order, the parties have re-conferred about whether WGES's motion for sanctions is moot. Unfortunately, the parties continue to disagree as to that motion's resolution:

MOX Services asserts as follows: The issues that are raised by WGES's motion have been mooted by the Consent Third Amended Scheduling Order and by MOX Services' ongoing production of documents in this matter. In particular, WGES based its request for sanctions on MOX Services' alleged failures to meet production deadlines. But through the Consent Third Amended Scheduling Order, the Court altered those deadlines, mooting WGES's argument. Additionally, there is no allegation of which MOX Services is aware that it has not met its discovery obligations under the current schedule, as it has made rolling monthly document productions and remains in process for reviewing and marking documents for additional forthcoming productions. Because WGES's motion is moot, the Court should deny it.

WGES asserts as follows: WGES's motion for sanctions is not moot. The motion sought sanctions for MOX Services' unjustified refusal to produce responsive documents after they were requested and after two separate orders of the Court compelling the production by an established deadline. Although the Third Amended Scheduling Order establishes new deadlines for MOX Services' document production, it does not deter future misconduct by MOX Services and does not mitigate the prejudice to WGES from the delayed document production. In more than 18 months since the case was filed, MOX Services has still produced no documents pertaining to its $11 million counterclaim and virtually no email communications pertaining to the administration of its subcontract with WGES. Under the circumstances in this case, Fourth Circuit caselaw cited in WGES's motion supports the entry of severe sanctions, including dismissal of MOX Services' counterclaim, striking MOX Services' affirmative defenses,

imposing an adverse inference with respect to documents responsive to WGES's discovery requests, and awarding attorney's fees to WGES. WGES respectfully requests that the Court consider and resolve the motion for sanctions.

Respectfully submitted,

WOMBLE CARLYLE SANDRIDGE & RICE, LLP

By:/s/ M. Todd Carroll
   Federal Bar No. 9742
   Kevin A. Hall
   Federal Bar No. 5375
   1727 Hampton Street
   Columbia, South Carolina 29201
   (803) 454-6504

Attorneys for Defendant


NELSON MULLINS RILEY & SCARBOROUGH LLP

By: /s/ Erik T. Norton
   Federal Bar No. 9683
   1320 Main Street, 17th Floor
   Columbia, South Carolina 29201
   (803) 799-2000

HUSCH BLACKWELL LLP

   Michael A. Gatje
   Brian P. Waagner
   *Admitted Pro Hac Vice*
   750 17th Street, NW, Suite 900
   Washington, D.C. 20006
   (202) 378-2300

Attorneys for Plaintiff

February 19, 2016